IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CT-3321-H

RASHID GARY KIRKLAND,

    Plaintiff,

v.

                                    **ORDER**

GEO GROUP, INC., and PHILLIP
THOMAS,

    Defendants.

This matter is before the court on plaintiff's motion for summary judgment [DE #23]. Defendants have responded, and plaintiff has replied. This matter is ripe for adjudication.

Plaintiff, a federal inmate, alleges that on April 1, 2013, while he was incarcerated at Rivers Correctional Institute in Winton, North Carolina, he was sexually harassed by defendant Thomas and defendant GEO Group failed to provide counseling or other relief following the incident.

Plaintiff moves for summary judgment as to his constitutional claims against defendants.[1] Defendants respond,

---

[1] The court mislabeled plaintiff's claims as arising under 42 U.S.C. § 1983 in its order filed March 28, 2014 [DE #9], but

arguing there are genuine issues of material fact which prohibit entry of summary judgment.

A thorough review of this matter by the court reveals that plaintiff's constitutional claims suffer from a fatal defect because Rivers Correctional Institute is a privately run facility operated by defendant GEO under contract with the Bureau of Prisons and constitutional claims are not cognizable against such defendants under Bivens. Minneci v. Pollard, 132 S. Ct. 617, 626 (2012) ("[W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a Bivens remedy in such a case."); Holly v. Scott, 434 F.2d 287 (4th Cir. 2006). Therefore, plaintiff's motion for summary judgment [DE #23] as

---

because plaintiff is a federal inmate, any constitutional claims would arise under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

2

to his constitutional claims is DENIED, and plaintiff's constitutional claims are dismissed.

In deference to plaintiff's pro se status, the court grants plaintiff thirty (30) days from the date of filing of this order to particularize his complaint to allege any state law tort claims he intended based on the facts alleged. Furthermore, if plaintiff intends to rely on diversity jurisdiction for such claims, plaintiff needs to make the requisite showing for diversity jurisdiction.[2] Defendants shall have 20 days to respond to plaintiff's filing, taking care to address any jurisdictional issues.

This 19th day of February 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

---

[2] Inasmuch as this court may be able to assert supplemental jurisdiction over any state law claims arising from this same transaction or occurrence, it hereby declines to do so since all federal claims have been dismissed herein. Therefore, plaintiff must, if he wishes to pursue a state law claim in this court, show this court has diversity jurisdiction. See 28 U.S.C. § 1367(c).

3